DYK, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s decision reversing the grant of summary judgment of non-infringement. In *1338 my view the majority’s approach expands the scope of 112(6) claims contrary to our prior precedent by failing to enforce the requirement that the patentee show that the accused device perform the required function in substantially the same “way” as the patented device.
I
When a patentee chooses to claim a “means” for performing a specified function, the means clause covers only “the corresponding structure, material, or acts described in the specification and equivalents thereof.” 35 U.S.C. § 112(6) (2000).
Under section 112(6), “an equivalent results from an insubstantial change which adds nothing of significance to the structure, material, or acts disclosed in the patent specification.” Valmont Indus., Inc. v. Reinke Mfg. Co., Inc., 983 F.2d 1039, 1043 (Fed.Cir.1993). In order to establish that the differences between the accused structure and the structure disclosed in the patent are “insubstantial,” the patent owner typically must prove that the accused structure performs the claimed function in substantially the same way (and achieves substantially the same result) as the structure disclosed in the patent. Ishida Co., Ltd. v. Taylor, 221 F.3d 1310, 1317 (Fed. Cir.2000); see Kemco Sales, Inc. v. Control Papers Co., Inc., 208 F.3d 1352, 1364 (Fed. Cir.2000) (noting that “the ‘way’ and ‘result’ prongs are the same under both the section 112, paragraph 6 and doctrine of equivalents tests”). Whether the differences between the patented structure and the accused structure are substantial is a question of fact. IMS Tech., Inc. v. Haas Automation, Inc., 206 F.3d 1422, 1430 (Fed.Cir.2000); see also Odetics, Inc. v. Storage Tech. Corp., 185 F.3d 1259, 1268-69 (Fed.Cir.1999).
II
Here it seems to me, as it did to the district court, that the patented structure performs the “float” and “support” functions in a substantially different way from the accused structure. Unlike the majority, I do not think the district court in making this determination “improperly imported unclaimed functions” into the claim.
The ’553 patent discloses a “floating septum seal” for a medical device known as a trocar. A trocar provides a channel through which a surgeon can insert a medical instrument during laparoscopic surgery. The “floating septum seal” permits an instrument inserted into a trocar to move off-axis, or “float” while maintaining an airtight seal between the instrument and the trocar. ’553 patent, col. 2, 11. 6-52.
The pertinent claim is claim 18, and the pertinent limitation reads:
means disposed circumferentially outwardly of the valve portions for supporting the valve portions within the seal housing, the supporting means being movable relative to the housing to permit the valve portions to float relative to the axis of the cannula.
Col. 14,11. 5-10 (emphases added).
The majority agrees that the district court correctly identified the functions performed by the claimed means as “(1) supporting the valve portions within the seal housing, and (2) to permit the valve portions to float relative to the axis of the cannula.” Maj. Op. at 1330 (internal quotation marks omitted).
As the majority recognizes, the structure that corresponds to claim 18 is the so-called “ring-levers-teeth” embodiment of the invention. In this embodiment, the valve is supported by levers which separate the valve into inner portions and outer portions. The levers (i.e., the “supporting means”) grip the valve at the junction between the inner and outer portions. When an instrument moves off-axis (i.e., “floats”) the inner portion of the valve *1339 remains undeformed while the outer portion deforms. Col. 10, 11. 46-49. In contrast, the accused device grips the valve at its outer perimeter, and achieves off-axis movement without deformation.
A
In describing the way in which the ring-levers-teeth structure performs the supporting function, the district court stated:
Applied’s ring-levers-teeth structure supports the inner “valve portions” of a two-portion septum valve by levers that are attached to a ring that moves from side to side. The tooth members of the levers surround the inner valve portions, holding them in the desired circular configuration and isolating them from the outer portions that are intended to deform.
Applied Med. Res. Corp. v. U.S. Surgical Corp., No. SACV 03-1267, slip. op. at 14 (C.D.Cal. Mar. 7, 2005) (“Applied Opinion ”) (emphasis added). The district court found that the accused structure performs the supporting function in a substantially different way because “the entire valve in [the accused structure] is supported ... by a gimbal which holds the entire valve at its outer perimeter.” Id.
The majority does not dispute the accuracy of the district court’s description of the way the patented structure performs the supporting function. Nonetheless, the majority rejects the district court’s analysis because “[n]othing in the court’s adopted construction of the supporting function, requires ‘holding [the valve portions] in the desired circular configuration,’ or ‘isolating them from outer portions that are intended to deform.’ ” Maj. Op. at 1334 (emphasis added). In the majority’s view, the district court “improperly imported unclaimed functions” into the claimed “supporting” function. Id.
Although a court may not import unclaimed functions into a means-plus-function limitation, this is not a case like JVW Enterprises, Inc. v. Interact Accessories, Inc., 424 F.3d 1324 (Fed.Cir.2005), relied on by the majority,[1] in which the district court has interpreted the function more broadly than the claim language or written description would support.[2] The district court here did not improperly redefine the function. It simply concluded that the two devices did not perform the agreed function in the same way. The analysis of the “way” a function is performed necessarily requires the use of descriptive language that is not contained in the claim itself. Our precedent reflects this reality. See, e.g., Kemco Sales, 208 F.3d 1352; Ishida, 221 F.3d at 1316-17. In Kemco Sales, for example, the disputed claim recited “a plastic envelope closing means.” Id. at 1355. We construed the function “closing” to simply mean “sealing, such that entry or exit is prevented.” 208 F.3d at 1361. We found that “both the accused and disclosed structures perform the identical function, which is to close the envelope.” Id. at 1365. However, we held that the accused structure performed the function in a different way because, “unlike the disclosed flap, which closes by folding over the envelope, the dual-lip structure closes the accused envelope in a different way by meeting together and binding via the internal adhesive.” We therefore affirmed *1340 the district court’s conclusion that no reasonable jury could have found that the accused structure infringed. Id. We did not impermissibly import an unclaimed function of “folding” into the closing function when we stated that the patented structure closes “by folding over the envelope.” Id. We simply described the way in which the patented structure closes.[3] The same is true here.
B
The majority makes the same error in rejecting the district court’s analysis of the way the float function is performed. In analyzing the way the patented structure performs the “float” function, the district court explained:
Applied’s ring-levers-teeth structure permits the valve portions to float by mechanically separating the septum valve into two distinct portions: inner “valve portions” that are held together or reinforced by the teeth so that they do not deform, and outer portions of the valve that have excess material which fold and unfold [ie., deform] so that the inner valve portions can move off-axis without substantial resistance.
Applied Opinion, slip op. at 15. The district court found that the accused structure performs the float function in a substantially different way because “[w]hen the gimbal moves, there is no deformation of any outer portions of the valve.” Id.
Again, the majority does not dispute the accuracy of the district court’s description of the patented structure, but urges that the court’s description of the way the “float” function is performed improperly imported “additional functions,” namely “mechanical separation of the valve into two distinct portions.” Maj. Op. at 1336. Thus it “import[ed] the functionality of the outer portions of the valve into the way in which the ring-levers-teeth structure permits the inner portions to float.” Id. Again, I disagree. The district court did not improperly import unclaimed functions. Rather, the district court simply used descriptive language to analyze the way the patented structure performs floating.
Both with respect to the “support” and “float” functions the majority opinion virtually ignores the requirement of section 112(6) that the accused device be shown to perform the function in the same way as the patented device. Because it is undisputed that the accused structure supports the valve at its outer perimeter and achieves floating without deformation, I agree with the district court that the accused structure performs the supporting and floating functions in a substantially different way from the ’553 valve.[4] I would therefore affirm the district court’s grant of summary judgment of non-infringement.

. Maj. Op. at 1334-1335.

. In JVW Enterprises, we rejected the district court's construction of the means-plus-function phrase "means for lockably receiving a video game controller in fixed position.” 424 F.3d at 1331. The district court had construed "lockably” to include the functions of "unlocking” and "releasing.” We noted the claim term "lockably,” read in light of the written description, did not include these functions, and we held that the court's construction had "impermissibly added unclaimed functional limitations ....” Id.

. In Ishida, the claim recited “stripping and sealing means.” In upholding the district court's conclusion that the accused device performed stripping and sealing in a substantially different way from the patented structure, the court reasoned that in all embodiments of the patent, the stripping and sealing is performed by a mechanism that rotates around fixed axes. In contrast, in the accused device, the mechanism moved along a variable path. 221 F.3d at 1316-17.

. In the district court’s view of the case (which I think was correct) the Sheehan affidavit did not raise a material fact issue. Sheehan’s affidavit simply fails to recognize that the patented device performs the described functions by way of deformation and isolation between inner and outer portions, and thus does not even address the question whether the accused device performs the function in a way that is insubstantially different.